**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARANJEET SINGH, | No. 16-73387 |
| Petitioner, | Agency No. A201-013-019 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2019**
San Francisco, California

Before: SILER,*** BYBEE, and R. NELSON, Circuit Judges.

Charanjeet Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals's (the BIA) decision denying his applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(CAT).  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

With respect to Singh's asylum and withholding of removal claims, substantial evidence supports the BIA's determination that Singh could safely and reasonably relocate to one of the Sikh communities outside of Haryana to avoid future persecution based on his membership in and political activism with the Indian National Lok Dal Party (INLD).  On appeal, Singh first argues that the BIA erred when it failed to identify a specific location in India to which he could safely relocate.  However, we recently rejected that argument in *Singh v. Whitaker*, 914 F.3d 654, 660 (9th Cir. 2019), and do so again here.

Next, Singh contends that the BIA failed to engage in a sufficiently individualized analysis as to whether he would be safer in a new location.  In *Singh v. Whitaker*, we held that the BIA's failure to make an individualized determination into whether there was a location in the country where the petitioner would not be persecuted for proselytizing for his preferred political party was error.  *Id.* at 661. Nevertheless, the case before us is distinguishable because the BIA did consider whether Singh would be at a significant risk of persecution if he continued his political activity with the INLD outside of Haryana.  Relying on the government's changed country conditions evidence, the BIA found that Singh, a low-level INLD Party member, would likely not face persecution for his political beliefs in other parts of India.  Substantial evidence in the record supports the BIA's conclusion.

*See Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011) ("We review de novo the BIA's . . . determinations of purely legal questions. We review factual findings, on the other hand, for substantial evidence." (internal citation omitted)).

Additionally, Singh challenges the BIA's determination that he could reasonably relocate within India. 8 C.F.R. § 1208.13(b)(3) governs the inquiry into whether internal relocation is reasonable. The regulation requires the BIA to consider a nonexhaustive list of factors and decide whether any of them makes relocation unreasonable. *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1090 (9th Cir. 2005). Here, the BIA noted that Singh could reasonably relocate due to his young age; good health; ability to speak Hindi, the official language of India, and Punjabi; and his education level. Substantial evidence in the record supports the finding that Singh can reasonably relocate within India.

Finally, substantial evidence supports the BIA's denial of CAT relief. To be entitled to protection under CAT, a petitioner has to demonstrate that it is more likely than not he will be tortured by or with the acquiescence of government officials if removed to the proposed country. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001). Consistent with its determination that Singh could safely and reasonably relocate within India, the BIA determined that Singh had not met his burden of showing that it is more likely than not he will be tortured if he is returned there. *See* 8 C.F.R. § 1208.16(c)(3)(ii). The record does not compel a contrary conclusion. *See*

*Nguyen v. Holder*, 763 F.3d 1022, 1029 (9th Cir. 2014) ("We will reverse, under the substantial evidence standard, if 'the evidence in the record compels a reasonable factfinder to conclude that the BIA's decision is incorrect.'" (quoting *Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010))).

**PETITION FOR REVIEW DENIED.**